[No. 37211. Department Two. April 9, 1964.]

The State of Washington, *Respondent,* v. Robert B. Runnells, *Appellant.**

Hughes & Jeffers, for appellant.

E. R. Whitmore, Jr. and Robert E. Graham, for respondent.

Weaver, J.—Defendant was convicted of first degree forgery. He took the stand in his own defense, claimed he was an alcoholic, and testified that he had "blanked out" and did not remember forging an endorsement on a check.

Defendant makes three assignments of error: the first and second to the court's refusal to give two requested instructions, and the third to instruction No. 13-A. All refer to intoxication as a defense.

Instruction No. 13, to which no error is assigned, paraphrases RCW 9.01.114.[1] Defendant admits that this instruction is a correct statement of the law, but contends that when it is considered with instruction No. 13-A, to which error is assigned, the latter takes from the jury its right to consider the defense of intoxication. Instruction No. 13-A reads as follows:

"You are instructed that in dealing with the question of intoxication and intent you should use caution not to give immunity to persons who commit crime when they are inflamed by intoxicating drink. You must discriminate between the conditions of mind merely excited by intoxicating drink, and yet capable of forming a specific intent to commit a crime, and such a prostration of the faculties as renders a man incapable of forming the intent. If an intoxicated person has the capacity to form an intent to commit the crime charged herein and conceives and executes such an intent, it is no defense that he was induced to conceive it, or to conceive it more suddenly by reason of his intoxication."

The language of the instruction does not support this contention.

Instruction No. 13-A was taken nearly verbatim from instructions that were approved in *State v. Miller,* 177 Wash. 442, 462, 32 P. (2d) 535 (1934) and *State v. Cogswell,* 54 Wn. (2d) 240, 246, 339 P. (2d)

*Reported in 390 P. (2d) 1003.

[1] RCW 9.01.114. "No act committed by a person while in a state of voluntary intoxication shall be deemed less criminal by reason of his condition, but whenever the actual existence of any particular purpose, motive or intent is a necessary element to constitute a particular species or degree of crime, the fact of his intoxication may be taken into consideration in determining such purpose, motive or intent."

465 (1959). For the reasons stated in *Miller, supra,* we conclude that the instruction was not erroneous.

The jury having been correctly instructed upon the law applicable to intoxication as a defense, it was not error to refuse to give the requested instructions upon the same subject.

The judgment is affirmed.

OTT, C. J., DONWORTH and FINLEY, JJ., and DENNEY, J. Pro Tem., concur.

June 3, 1964. Petition for rehearing denied.